# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00449-CR

**Louis Falcon, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT NO. B-01-0379-S, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Louis Falcon, Jr., guilty of harassing a jail officer by throwing urine on him. *See* Tex. Pen. Code Ann. ' 22.11 (West 2003). The jury assessed punishment, enhanced by two previous felony convictions, at imprisonment for thirty years.

Appellant=s court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). After examining the record, appellant also filed a pro se brief.

In his pro se brief, appellant calls attention to what he considers to be conflicts in the testimony of various witnesses. It was for the jury as trier of fact to judge of the credibility of the witnesses and the weight to be given their testimony. *Bonham v.* State, 680 S.W.2d 815, 819 (Tex. Crim. App. 1984); *Castellano v. State*, 810 S.W.2d 800, 807 (Tex. App.CAustin 1991, no pet.). Viewing the evidence in the light most favorable to the verdict, a rational jury could find each element of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (standard of review).

Appellant complains that the prosecutor violated a motion in limine when, while cross-examining appellant, he referred to appellant=s California conviction. There was no objection and, in any event, appellant could be impeached with his previous convictions. Tex. R. Evid. 609. Appellant also complains of what he says was improper jury argument by the prosecutor, but there was no objection. *See Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996).

Appellant contends his trial counsel was ineffective by failing to make certain objections, by failing to call witnesses recommended by appellant, and by mishandling the witnesses he did call. Some of the factual allegations made by appellant are not supported by the record before us. On this record, appellant has not overcome the strong presumption that counsel=s conduct fell within the wide range of reasonable professional assistance. *See Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

Finally, appellant complains of several typographical errors in the record, none of which constitutes grounds for reversal. We will, however, modify the judgment of conviction to reflect that the date of judgment and sentencing was March 19, 2002, not March 19, 2001.

We have reviewed the record and briefs and find nothing that might arguably support the appeal. Counsel=s motion to withdraw is granted.

As modified, the judgment of conviction is affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Modified and, as Modified, Affirmed

Filed: April 10, 2003

Do Not Publish